UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOSEPH TRIPLETT,                )
                                )
          Petitioner,           )
                                )
     v.                         )     No. 4:06CV83(CDP)
                                )
UNITED STATES OF AMERICA,       )
                                )
          Respondent.           )

### MEMORANDUM AND ORDER

This matter is before the Court upon the application of Joseph Triplett a federal prisoner currently confined at the Federal Correctional Institution-McKean located in Bradford, Pennsylvania (FCI-McKean), for a "Petition for Writ of Error Coram Nobis" [Doc. #1].[1]

### Background

Petitioner was convicted in this Court of one count of postal robbery and one count of using or carrying a firearm during a robbery of United States property. See United States v. Triplett, No. 4:95CR212(CDP) (E.D. Mo.). Petitioner's convictions and sentences were affirmed on appeal by the Eighth Circuit Court of Appeals. See United States v. Triplett, No. 96-1621 (8th Cir., January 17, 1997).

On June 8, 1998, petitioner filed a motion to vacate,

---

[1] For purposes of docketing, the Clerk of Court construed this motion as one seeking relief pursuant to 28 U.S.C.§ 2255. Accordingly, no filing fee was assessed.

set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  See Triplett v. United States, No. 4:98CV986(CDP) (E.D. Mo.).  The motion was denied on March 3, 2000.  Id.  Petitioner was denied a certificate of appealability by the Eighth Circuit Court of Appeals.  Triplett v. United States, No. 00-2302EMSL (8th Cir. June 14, 2000)

**The petition**

Petitioner asserts that his convictions and sentences are invalid under the Supreme Court's holdings in United States v. Booker, 125 S.Ct. 738 (2005) and Bailey v. United States, 116 S.Ct. 501(1995).

**Discussion**

**A. 28 U.S.C. § 2255**

As noted above, the Clerk of Court docketed this action as one seeking to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2255 to provide that a "second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals" to contain either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate

court of appeals for an order authorizing the district court to consider the application." There is no indication that petitioner has sought or received permission to bring a second or successive § 2255 motion in this Court. Therefore, to the extent that petitioner seeks relief pursuant to § 2255, the instant action must be denied.

### B. Writ of Error Coram Nobis

The All Writs Act, 28 U.S.C. § 1651, provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Petitioner appears to argue that the writ of error coram nobis applies to his case. This argument is without merit, however, because petitioner is still incarcerated. See United States v. Kindle, 88 F.3d 535, 536 (8th Cir. 1996) (federal prisoner still in custody not entitled to writ of error coram nobis).

**IT IS HEREBY ORDERED** that petitioner's "Petition for writ of Error Coram Nobis" [Doc. #1] is **DENIED.**

An appropriate order will accompany this memorandum and order.

Dated this 26th day of January, 2006.

_____
**UNITED STATES DISTRICT JUDGE**